### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MOISES RIVERA RAMOS<br><br><br>**Debtor(s)** | **CASE NO.  10-07322**<br>**Chapter  11**<br><br>**Adversary No. 13-00142** |
| DORAL BANK<br><br>**Plaintiff**<br>vs.<br><br>MOISES RIVERA RAMOS<br><br>**Defendants** | <span style="color:red">**FILED & ENTERED ON 06/19/2014**</span> |

### OPINION AND ORDER

Before the Court is Plaintiff Doral Bank's (hereinafter "Doral") Motion for Reconsideration of the Dismissal Order entered by this Court on April 03, 2014 [Dkt. No. 34]. Doral cites no authority for their motion for reconsideration under the Bankruptcy Code or Federal Rules of Bankruptcy Procedure. Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new

arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006).

In the first instance, Doral's motion for reconsideration is not timely pursuant to the time constraints of Fed.R.Bankr.P. 9023. Any motion for reconsideration under this Rule must be filed no later than 14 days after the entry of the judgment. The court issued its Judgment Dismissing the adversary on April 3, 2014, in favor of Debtor/Defendant, Moises Rivera Ramos (hereinafter "Defendant"). Doral filed their motion for reconsideration on April 21, 2014, eighteen days after the issuance of the partial judgment. As such, the court will proceed with its analysis under Fed.R.Civ.P. 60(b).

Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v.

Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the court. See, e.g., Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

Doral requests that the court vacate and set aside for cause its Judgment Dismissing the adversary with prejudice. Doral asserts in their motion that the disallowance of their claim in the legal case was erroneous because there was sufficient evidence attached to said claim to establish the security and validity of the lien. Moreover, pursuant to 11 U.S.C. § 506 the court must evaluate non bankruptcy law to determine whether a valid lien exists. Doral highlights that the Defendant objected claim number 7-1 in the legal case only after the order lifting the stay was entered on the Caparra Chalets property. In their motion to reconsider, Doral fails to establish any of the required legal factors discussed above. The main argument given by Doral to justify relief from the judgment is that on August 7, 2012 the court improperly granted said objection to claim number 7-1.

Doral's argument is misguided. The actions in the legal case are not pertinent to the court's ruling in the instant adversary. The court ordered both Doral and Defendant to file simultaneous dispositive motions by November 8, 2013 [See Dkt. No. 18]. Doral did not comply. The court issued an order to show cause on November 25, 2013, allowing Doral additional time to file their brief. Again, Doral did not comply. Based on the papers submitted, the judgment issued by the court was the appropriate ruling. The arguments raised by Doral in their motion for reconsideration

should have and could have been raised at any point prior to the court entering the judgment in Defendant's favor. Granting a motion for reconsideration under Rule 9024 is generally viewed with disfavor by the courts, and the claims now being set forth by Doral do not introduce sufficient reason to justify relief from this Court's April 3, 2014 judgment. For the reasons stated above, Doral's Motion Requesting Reconsideration of Dismissal is denied. The Clerk shall close the adversary proceeding forthwith.

SO ORDERED

San Juan, Puerto Rico, this 19th day of June, 2014.

Brian K. Tester
U.S. Bankruptcy Judge